IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ARTHUR TREVINO, ) | |
| ) | |
| DEBTOR ) | Case No. 10-00372-TOM |
| ) | |
| ) | Chapter 13 |
| ) | |

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION TO REINSTATE CASE

Before the Court is Debtor's Motion To Reinstate Case (hereinafter, "Motion") filed on May 4, 2010. (Main Case Docket No. 48). This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) (2010)[1] and the District Court's General Order of Reference Dated July 16, 1984, As Amended by July 17, 1984.[2] This is a core proceeding arising in a case under title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A).[3]

## BACKGROUND[4]

---

[1] **28 U.S.C. § 1334(b)** provides:
Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

[2] The **General Order of Reference Dated July 16, 1984, As Amended July 17, 1984**, issued by the United States District Court for the Northern District of Alabama provides:
The general order of reference entered July 16, 1984, is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] **28 U.S.C. §157(b)(2)(A)** provides:
(b)(2)Core proceedings include, but are not limited to–
(A) matters concerning the administration of the estate[.]

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit

The Debtor filed his first chapter 13 petition with this Court on February 22, 2008. (Case 08-00882-TOM13 Docket No. 1) The confirmed chapter 13 plan in that case provided for monthly payments in the amount of $369.00 for sixty (60) months (Case 08-00882-TOM13 Docket No. 32); however, the Debtor remitted a total sum of only $738.00 - two payments of $369.00 - from May 2008 thru February 2009. This Court ultimately dismissed that case on February 25, 2009 due to the Debtor's failure to make timely plan payments as required by this Court's Order dated November 19, 2008. (Case 08-00882-TOM13 Docket No. 53)

On January 25, 2010, Debtor filed this case and he proposed to pay $530.00 for sixty (60) months (Main Case Docket No. 25); however, the Debtor failed to remit any payment in any amount to the Trustee during this case. (Main Case Docket No. 42; Main Case Docket No. 45) Additionally, the Debtor failed to attend the required 11 U.S.C. § 341 meeting of creditors. (*Id.*) Based on this conduct, *inter alia*, D. Sims Crawford, Standing Chapter 13 Trustee, filed an objection to confirmation of the Debtor's proposed chapter 13 plan and a Motion to Dismiss Debtor's chapter 13 case on March 8, 2010. (Main Case Docket No. 42)

The Trustee's Objection to Confirmation and Motion to Dismiss were addressed during a hearing before this Court on April 8, 2010. (Main Case Docket No. 45) D. Sims Crawford, Standing Chapter 13 Trustee, was present; Debtor's counsel, Kenneth J. Lay, was not present.[5] (*Id.*) Upon hearing of the Debtor's failure to make any plan payments and his failure to attend the required 11 U.S.C. § 341 meeting of creditors, this Court granted the Trustee's Motion to Dismiss. (*Id.*; Main Case Docket No. 46). On May 4, 2010, Debtor's counsel filed this Motion,

---

B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[5]Ms. Lois R. Beasley-Carlisle attended this hearing on behalf of Mr. Lay.

2

which asserts that the Debtor's case should be reinstated for the following reasons: 1) previously, the Debtor was having difficulty making plan payments; however, he is now capable of making these payments; (2) extenuating circumstances exist which warrant the reinstatement of his case; 3) the Debtor desires to proceed with his case; and 4) the Debtor will experience undue hardship if his case is not reinstated. (Main Case Docket No. 48)

## CONCLUSIONS OF LAW

There is no dispute that Debtor failed to make his plan payments in this case and also failed to appear at the meeting of creditors which resulted in the Chapter 13 Trustee filing a Motion to Dismiss on March 8, 2010.

Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure provide relief from judgments or orders of the bankruptcy court under certain circumstances. Rule 9023 of the Federal Rules of Bankruptcy Procedure - **New Trials; Amendments of Judgments** - incorporates Rule 59 of the Federal Rules of Civil Procedure.[6] Although under Rule 59 a party may file a motion to alter or amend the order or judgment within a period of 28 days following the date of the entry of the order or judgment, Rule 9023 limits this time period to fourteen (14) days.

Rule 9024 of the Federal Rules of Bankruptcy Procedure - **Relief from Judgment or**

---

[6]**Rule 59** of the **Federal Rules of Civil Procedure** provides in part:
**(a)(2) Further Action After a Nonjury Trial.** The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows: After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

3

**Order** - makes Rule 60 of the Federal Rules of Civil Procedure[7] - **Relief from a Judgment or Order** - applicable to bankruptcy cases. Under Rule 60(c)(1) of the Federal Rules of Civil Procedure, a party may file a motion for relief from a judgment or order "within a reasonable time." The movant must plead and provide sufficient grounds to the court of one of the five specific grounds listed in Rule 60(b)(1)-(5).[8] If the movant is unable to establish that one of these five grounds is applicable, the movant may attempt to use the catchall provision of Rule 60(b)(6)[9] by "demonstrat[ing] that the circumstances are sufficiently extraordinary to warrant relief." *Jeffus v. Ray*, Slip Copy, 2010 WL 1795373 at *1 (11th Cir. 2010). Further, the movant must show that "absent such relief an 'extreme' and 'unexpected' hardship will result." *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)(quoting *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932)). Even then, "whether to grant relief is a matter for the . . . court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)(quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000).

---

[7]**Rule 60** of the **Federal Rules of Civil Procedure** provides in part:
**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding fro the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

[8]*See* footnote 4, *supra*.

[9]*See id.*

This Court's Order dismissing this chapter 13 case was entered on April 13, 2010. Debtor's Motion was filed on May 4, 2010, which was beyond the fourteen (14) day time limit imposed by Rule 9023 for filing a motion to amend or alter a judgment or order; therefore, Rule 9023 is not available to the Debtor.

Since the Debtor filed his Motion within one month of this Court's Order dismissing his case, Rule 60 is applicable. The Debtor must establish that he is entitled to relief from the Order dismissing this cased based on Rule 60(b). The Debtor's Motion fails to allege any ground for relief under 60(b)(1)-(5). Therefore, the Court concludes that Debtor is relying on Rule 60(b)(6), which requires him to plead and show "extraordinary circumstances." Debtor's Motion alleges that the Debtor was previously unable to make plan payments due to unspecified difficulties, that the Debtor is now able to make his plan payments, that extenuating circumstances exist to reinstate this case, that the Debtor desires to proceed with this case, and that the dismissal of Debtor's case will cause him to experience undue hardship. The Motion's allegations are general and ambiguous, no specific grounds are plead.

In this case, the Debtor failed to make any plan payments, and he failed to attend the required § 341 meeting of the creditors. Further exacerbating Debtor's problem is the fact that the Debtor's previous chapter 13 case before this Court was also dismissed due to Debtor's failure to make timely plan payments. In the first case, Debtor received the benefit of the automatic stay for about nine (9) months even though he only made two (2) monthly payments. In this case, the Debtor received the benefit of the automatic stay for about six (6) weeks despite the fact he made no payments. Since this was Debtor's second case, he knew failure to pay would cause his case to be dismissed. Finally, Debtor has not given this Court sufficient

information or facts to establish "extraordinary circumstances." Based on these conclusions, the Court is unwilling to grant the Debtor's Motion.

## **CONCLUSION**

Based on the foregoing, this Court finds that Debtor's Motion is due to be denied. Therefore, it is hereby

**ORDERED, ADJUDGED and DECREED** that Debtor's Motion to Reinstate Case is **DENIED**.

Dated this the 12th day of May, 2010.

/s/ Tamara O. Mitchell
United States Bankruptcy Judge

TOM: rdt

xc: Arthur Trevino, Debtor
    Kenneth J. Lay, attorney for the Debtor
    D. Sims Crawford, Standing Chapter 13 Trustee

6